UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK E. RAMSAY, *on behalf of himself* | § | |
| *and all others similarly situated*, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| EQUIFAX, INC. | § | |
| Defendant. | § | |

**CLASS ACTION COMPLAINT**

Plaintiffs Mark E. Ramsay, Judith G. Dolan, Helia N. Sanchez, and Jerry J. Karasek on behalf of themselves and all others situated similarly within Texas (hereinafter collectively referred to as Texas Consumers), alleges the following against Defendant Equifax, Inc., based upon personal knowledge, information and belief, and the investigation and research of counsel:

**THE PARTIES**

1. Equifax Inc. (Equifax) is a multi-billion dollar Georgia corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries including Equifax Information Services, LLC, and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this complaint.

2. Mark E. Ramsay is an individual consumer residing in Harris County, Texas. Equifax admits Ramsay's personal data may have been compromised by the Equifax security breach.

3. Judith G. Dolan is an individual consumer residing in Texas. Equifax admits Dolan's personal data may have been compromised by the Equifax security breach.

4. Helia N. Sanchez is an individual consumer residing in Texas. Equifax admits Sanchez's personal data may have been compromised by the Equifax security breach.

5. Jerry J. Karasek Jr. is an individual consumer residing in Texas. Equifax admits Karasek's personal data may have been compromised by the Equifax security breach.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of penalties. Venue is proper under 28 U.S.C. § 1391 because a large portion of Texas consumers with credit and personal information stored by Equifax live in the Houston Division of the Southern District of Texas.

7. This civil action also asserts claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. Accordingly, this Court has subject matter jurisdiction over this civil action as it arises under the laws of the United States. The Court has ancillary jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367.

**FACTUAL ALLEGATIONS**

8. Plaintiffs file this complaint as a Texas class action on behalf of consumers across the State of Texas harmed by Equifax's failure to adequately protect the consumers' credit and personal information. This complaint requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. These allegations are

based on personal knowledge as to Equifax's conduct and made on information, belief, and investigation as to the acts of others.

9. Throughout its existence, Equifax collected and stored personal and credit information from consumers, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers. On or about July 29, 2017, Equifax discovered a cybersecurity incident potentially impacting 143 million U.S. consumers. The data breach occurred over the course of several months until Equifax discovered the attack and implemented counter-measures.

10. Equifax did not publically disclose the security breach until September 7, 2017. On that day, Equifax disclosed in a shareholder prospectus report that, from May 2017 through July 2017, its data security was breached via the Apache Struts Flaw. Upon information and belief, this flaw was disclosed to industry users of the program in March of 2017. Equifax failed to update its open source web based software allowing the data to become exposed to unauthorized third parties.

11. Equifax owes a legal duty (not to mention a moral obligation) to all Texas consumers to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect millions of Texas Consumers' credit and personal information from unauthorized access would cause serious risks of credit harm and identity theft for years to come.

12. In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect private information from unauthorized access by hackers. Equifax knew or should have known that failure to maintain adequate technological safeguards

could and would eventually result in a massive data breach. Equifax knew or should have known that its database program and safeguards were compromised and therefore could and should have properly implemented data protection measures. Equifax could and should have substantially increased the amount of money it spent to protect against cyber-attacks but chose not to. Innocent consumers should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from cyber-attackers.

13. As a direct result of Equifax's negligence as alleged in this complaint, each Plaintiff incurred damages of at least $10.00 a month to pay for third-party credit monitoring services (from a service provider not affiliated with and/or otherwise beholden to Equifax) they otherwise would not have incurred.

14. Additionally, Plaintiffs suffered and/or will suffer actual damages from the substantially increased risk of future identity theft, fraud, and misuse of their personal information. Plaintiffs face years of increased monitoring obligations regarding their financial and personal records.

**CLASS ALLEGATIONS**

15. Plaintiffs file this complaint as a class action lawsuit pursuant to Federal Rule of Civil Procedure 23 and seek relief on behalf of all similarly situated Texas consumers, and will seek to certify a Texas class consisting of all Texas residents whose personal financial, credit and identifying information was accessed by third parties as a result of the Equifax data security breach that took place between May and July, 2017.

16. The exact number of aggrieved consumers in Texas can be determined from Equifax's own consumer database. That number is preliminarily estimated to be approximately

9.5 million consumers.

17. The Texas Class excludes the Defendant, any affiliated entities, its officers and directors, its employees, the judge to whom this case is assigned, and court staff, as well as their immediate families.

18. Every aggrieved member of the Texas Class suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

19. The Texas Class, estimated to include more than 9.5 million people, is so numerous that joinder is impracticable.

20. Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether (a) Plaintiffs and the Texas Class members are entitled to equitable relief, (b) whether Equifax acted negligently, (c) whether Equifax's failure to implement adequate security procedures and practices was the actual and/or proximate cause of the security breach; (d) whether Plaintiffs and the Texas Class were injured as a result of Equifax's failure to reasonably protect their personal data, and (e) whether Plaintiffs and  class members are entitled to relief and the type of relief to which they are entitled, including but not limited to statutory penalties and damages to cover the costs associated with appropriate credit monitoring protection to mitigate against consequential damages.

21. Plaintiffs' claims are typical of the claims of the Texas Class because each suffered risk of loss and credit harm and identity theft caused by Equifax's negligent failure to safeguard their data, the injuries suffered by Plaintiffs and the Texas class members are

identical (including but not limited to the costs to monitor and repair their credit through a third-party service for at least 24 months), and Plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the Texas class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Texas class.

22.     A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as Plaintiffs know, no class action that purports to include Texas consumers suffering the same injury has been commenced in Texas, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages suffered by each individual claimant, and because Plaintiffs and their attorneys will vigorously pursue the claims. The forum is desirable because the bulk of consumers in Texas who suffered injury caused by Equifax's negligence reside in the metropolitan areas. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The ability to use Equifax's own consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

**CLAIMS FOR RELIEF**

23. Plaintiffs incorporate each and every allegation stated within the Petition as to each asserted Claim.

**Claim 1 – NEGLIGENCE**

24. As alleged in this complaint, Equifax undertook care of credit and personal information belonging to Plaintiffs and the Texas Class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the relevant technological industry's standard of care, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

25. Plaintiffs and the Texas class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case.

**Claim 2 – Texas Deceptive Trade Practices-Consumer Protection Act**

26. Plaintiffs qualify as consumers under the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code § 17.41, et seq. ("DTPA"), and assert all rights and remedies available to them under the DTPA against Equifax, including compensation to Plaintiff for damages. Notice is not required under the DTPA as it is impractical. It is impractical because Equifax has yet to disclose the exact number of Texas Consumers and a precise damage calculation cannot be made at this time. The specific violations of the DTPA include,

but are not limited to: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not have; and (2) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

27.     Plaintiffs further assert claims under the DTPA § 17.50(a)(2) for breaches of warranties as discussed herein.  Equifax's actions regarding the express and implied promise to protect all consumers' data is the producing cause of damages. Plaintiffs incorporate claims from the Tex. Bus. & Com. Code § 521.152 into their DTPA claims through the tie-in statute.

28.     Plaintiffs are entitled to treble damages because Equifax knowingly violated the DTPA as they were aware of the Apache Struts flaw yet failed to update Equifax's software to prevent the security breach and unauthorized disclosure of personal information.

**Claim 3 – Protection of Driver's License and Social Security Numbers**

29.     Plaintiffs allege that Equifax intentionally communicated or otherwise made available to the public the Plaintiffs' social security numbers by virtue of their negligent acts and/or omissions. Further, Equifax failed to provide a secure internet connection or require Plaintiffs' social security numbers be encrypted. Therefore, Equifax is liable for statutory penalties not to exceed $500 dollars per person pursuant to Tex. Bus. & Com. Code § 501.002 (2009).

**Claim 4 – Violation of the Fair Credit Reporting Act**

30.     Plaintiffs and Texas Class are consumers whose rights are protected by Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681(a)(c).

31.     Equifax is a consumer reporting agency as defined by the statute, as regularly engages in the practice of assembling or evaluating consumer credit information in exchange for monetary fees.

32.     Equifax is required under 15 U.S.C. §1681 to maintain reasonable procedures to limit the furnishing of customer information for limited purposes. Equifax is required to maintain reasonable procedures to protect consumer data from being distributed or otherwise made available to unauthorized persons. Equifax violated its duty under the statute by furnishing and/or allowing unauthorized access to the consumer reports and information contained in the reports to third parties.

33.     Equifax willfully and/or negligently violated 15 U.S.C. §1681 by failing to maintain adequate security measures and procedures designed to limit the furnishing of consumer reports and information contained within these reports outside the permissible purposes. Equifax knew or should have known the importance of maintaining proper security measures and maintenance yet failed to take appropriate steps to prevent and/or mitigate the security breach.

34.     Plaintiffs and the Texas Class have been damaged by the willful and/or negligent acts of Equifax and are entitled to recover their actual damages suffered or to be recover not less than $100 but no more than $1000 per class member, plus interest, punitive damages, attorney's fees and costs.

**Jury Demand**

35.     Plaintiffs requests a jury trial and tenders or will tender the appropriate fee for same.

**PRAYER FOR RELIEF**

Plaintiffs seek relief for themselves and the proposed class as follows:

A. Determination that this action is proper as a class action, thereby designating Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and Plaintiffs' counsel as class counsel;

B. Award of compensatory, statutory and punitive damages, as applicable, in favor of Plaintiffs and the other class members against Equifax for all damages sustained as a result of their wrongdoing, in an amount to be proven at trial, by a jury, including interest and attorney's fees; and

C. Any other legal and equitable relief the Court deems appropriate.

September 14, 2017.

RESPECTFULLY SUBMITTED,

**Hall Maines Lugrin, P.C.**

*/s/ George H. Lugrin IV*
George H. Lugrin IV
Attorney-in-Charge
Texas Bar No. 00787930
Southern District of Texas Bar No. 16931
Reece Rondon
Texas Bar No. 00794559
Southern District of Texas Bar No. 223922
Jeffrey T. Bentch
Texas Bar No. 24055160
Southern District of Texas Bar No. 914341
Samuel J. Dolan
Texas Bar No. 24077193
Southern District of Texas Bar No. 2364608
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas 77056-6125
(713) 871-9000 - Telephone
(713) 871-8962 - Facsimile